# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREAT BOWERY, Inc. d/b/a TRUNK ARCHIVE,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>3LAB, INC. and DOES 1-10, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. **2:23-cv-4195**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE, by and through its undersigned counsel, brings this Complaint against Defendant 3LAB, Inc. ("3 Lab") and DOES 1 through 10, inclusive, and alleges as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

1.　　The mailing address of the parties to this action are:

　　Great Bowery d/b/a Trunk Archive
　　c/o Higbee & Associates
　　1504 Brookhollow Drive, Suite 112
　　Santa Ana, CA 92705

　　3 Lab, Inc.
　　61 W. Hunter Ave
　　Maywood, New Jersey 07607

/ / /

/ / /

/ / /

/ / /

/ / /

## NATURE OF THE ACTION

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

## PARTIES

3. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 433 Broadway, Suite 420, New York, New York 10013.

4. Upon information and belief, 3 Lab, Inc. is a New Jersey corporation duly organized and existing under the laws of the State of New Jersey.

5. The true names and capacities of Defendants Does 1 through 10, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of New Jersey, and/or it transacts business in the State of New Jersey.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Great Bowery, Inc. d/b/a Trunk Archive*

10. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

11. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

12. Two of Trunk Archive's many prominent portrait photographers are Eric Ray Davidson ("Davidson") and Florian Sommet ("Sommet") (collectively, the "Photographers").

### *The Photographers*

13. The Photographers license their work for a fee.

14. The Photographers' livelihood depends on receiving compensation for the works they produce, and the copyright protection afforded to their work deters would-be infringers from copying and profiting from their work without permission.

### *Photographer Eric Ray Davidson*

15. Davidson is a highly successful fashion, documentary, and portrait photographer.

16. Davidson's portfolio includes clients such as Netflix, Apple, and Universal Music Group, and his work has been featured in top magazines and advertising such as *Cosmopolitan, GQ, Men's Health, Glamour,* and *Harper's Bazaar*.

3

17. Davidson is the sole author and exclusive rights holder to a photograph of actress Hilary Duff, sitting, leaned back in a black director's chair, wearing a white blazer and skirt ("Davidson Photograph").

18. Attached hereto as Exhibit A is a true and correct copy of the Davidson Photograph.

19. Davidson registered the Davidson Image with the United States Copyright Office under Registration Number VA 2-354-149 with an effective date of July 12, 2023.

20. Davidson subsequently granted Trunk Archive the exclusive right to license the Davidson Photograph.

### *Photographer Florian Sommet*

21. Sommet is a highly successful photographer specializing in beauty photography. His work shows youthful visions and sensitivity to textures, supported by clean, bright lighting, and colorful props.

22. Sommet's portfolio includes international clients, and his work has been featured in top magazines and advertising such as *ELLE, VOGUE, Madame Figaro, Harper's Bazaar, Marie Claire, GQ,* and *Allure*. Additionally, his work has been used commercially by *Chanel, L'Oréal, Helena Rubinstein, Chopard*, and *Clarins*.

23. Sommet is the sole author and exclusive rights holder to one photograph of a model Masha Demekhina, using her hand to hold her hair back from her cheek ("Sommet Photograph").

24. Attached hereto as Exhibit B is a true and correct copy of the Sommet Photograph.

25. Sommet registered the Sommet Image with the United States Copyright Office under Registration Number VA 2-227-174 with an effective date of December 10, 2020.

### *Defendant 3Lab, Inc.*

26. Upon information and belief, 3Lab, Inc. is the owner and operator of the website https://www.3lab.com/ ("3Lab Website").

27. According to the 3Lab Website, 3Lab is global leader in high-technology skincare, specializing in high-end antiaging products, including creams and serums, promising quick and noticeable results.

28. 3LAB has been behind some of the biggest breakthroughs in the beauty industry. It Within the company are over 40 chemists who discover and utilize the highest-grade botanical ingredients and innovative scientific technology to "contest the forces of nature and time.

29. 3Lab maintains a Facebook account at https://www.facebook.com/3LABSkincare/ ("3Lab Facebook Account").

30. Attached as Exhibit C is a true and correct screenshot of the 3Lab Facebook Account which includes a link to the 3Lab Website.

31. 3Lab maintains an Instagram account under the handle @3labskincare at https://www.instagram.com/3labskincare ("3Lab Instagram Account").

32. Attached as Exhibit D is a true and correct screenshot of the 3Lab Instagram Account which includes a link to the 3Lab Website.

33. Collectively, the 3Lab Facebook Account and 3Lab Instagram Account will be referred to as the "3Lab Social Media Accounts."

34. Upon information and belief, 3Lab generates content on the 3Lab Website and the 3Lab Social Media Accounts to attract user traffic, market and promote its products, and increase its customer base and revenue for the company.

35. At all relevant times, the 3Lab Website and the 3Lab Social Media Accounts were readily accessible to the general public throughout New Jersey, the United States, and the world.

/ / /

36. At all relevant times, Defendant 3Lab had the ability to supervise and control all content on the 3Lab Website and the 3Lab Social Media Accounts.

### *Defendant's Unauthorized Use of the Davidson Photograph*

37. On or about August 12, 2020, Davidson discovered the Davidson Photograph being used by 3Lab on the 3Lab Instagram Account in a post advertising 3Lab's "Super 'h' Serum" ("3Lab Davidson Instagram Post")

38. 3Lab's Super "h" Serum is an antioxidant powerhouse, lauded by the editors at Allure and featured as a "top splurge" wared winner in the magazine's 2014, 2015, and 2016 Best of Beauty issue. Its Super Cream uses "smart" technology to deliver antioxidants, encapsulated collagen, and elastin-producing peptides right where they're needed.

39. The 3Lab Davidson Instagram Post reads that its "Super "h" Serum is must have for actress Hilary Duff" as part of her skincare routine.

40. Attached hereto as Exhibit E is a true and correct screenshot of the Davidson Photograph as used on the 3Lab Instagram Account.

41. Trunk Archive does not have a record of the Davidson Photograph being licensed to Defendant nor did Trunk Archive or Davidson grant Defendant permission or authorization to use, make a copy, or publicly display the Davidson Photograph on the 3Lab Instagram Account.

### *Defendant's Unauthorized use of the Sommet Photograph*

42. On or about August 7, 2020, Sommet discovered the Sommet Photograph being used by 3Lab on the 3Lab Facebook Account and the 3Lab Instagram Account in posts promoting 3Lab's Anti-Aging Oil which read, "Make dry, dull winter skin a thing of the past. Our Anti-Aging Oil saturates skin with moisture to relieve dryness, hydrate, smooth, and condition."

/ / /

/ / /

43. Attached hereto as Exhibit F are true and correct screenshots of the Sommet Photograph as used on the 3Lab Facebook Account and the 3Lab Instagram Account, respectively.

44. Trunk Archive does not have a record of the Sommet Photograph being licensed to Defendant nor did Trunk Archive or Sommet grant Defendant permission or authorization to use, make a copy, or publicly display the Sommet Photograph on the 3Lab Social Media Accounts.

*Defendant's Infringing Conduct*

45. Upon information and belief, the purpose of 3Lab's use of the Photographs on the 3Lab Social Media Accounts was to provide high-quality and aesthetically enticing content on the 3Lab Social Media Accounts congruent with 3Lab's marketing goals.

46. Upon information and belief, Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Photographs (including the Davidson Photograph and Sommet Photograph) and caused the Photographs to be uploaded to and displayed on the 3Lab Facebook Social Media Accounts.

47. Upon information and belief, Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, posted, publicized, and otherwise held out to the public the original and unique Photographs (including the Davidson Photograph and Sommet Photograph) for commercial purposes in order to acquire a direct financial benefit, through revenue from the sales of 3Lab's products, from the use of the Photographs.

48. Upon information and belief, Defendant's use of the Photographs is willful because *inter alia,* Defendant knew, or should have known, it did not have permission or a legitimate license to use the Photographs on the 3Lab Social Media Accounts.

49. After discovering the unauthorized use of the Photographs, the Photographers, through counsel, sent cease and desist correspondence to Defendant and communicated with Defendant, through its counsel, numerous times in an attempt to resolve this matter.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

50. Trunk Archive incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Davidson owns a valid copyright in his Davidson Photograph.

52. Davidson registered his Davidson photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

53. Sommet owns a valid copyright in his Sommet Photograph.

54. Sommet registered his Sommet photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

55. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Davidson Photograph and the Sommet Photograph and displayed Davidson and Sommet's unique and original photographs without the respective photographer's consent or authorization in violation of 17 U.S.C. § 501.

56. As a result of 3Lab's violations of Title 17 of the U.S. Code, each photographer (including Davidson and Sommet) has sustained significant injury and irreparable harm.

57. As a result of 3Lab's violations of Title 17 of the U.S. Code, each photographer (including Davidson and Sommet) is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

/ / /

58. As a result of 3Lab's violation of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs from 3Lab as part of the costs pursuant to 17 U.S.C § 505.

59. Each photographer (including Davidson and Sommet) is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against 3Lab as follows:

- For a finding that Defendant infringed Davidson's copyright interest in his Davidson photograph by copying, displaying, and distributing it without a license or consent;
- For a finding that Defendant infringed Sommet's copyright interest in his Sommet photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all profits attributable to the infringements as provided by 17 U.S.C. §504(b) in an amount to be proven;
- For costs of litigation pursuant to 17 U.S.C. § 505;
- For an injunction preventing 3Lab from further infringement of all of the Photographers' copyrighted works pursuant to 17 U.S.C. § 502;
- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

[SIGNATURE ON NEXT PAGE]

Dated: August 4, 2023                    Respectfully submitted,

**/s/ Melissa Clark**
Melissa Clark, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mh@higbee.law
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Trunk Archive, hereby demands a trial by jury in the above matter.

Dated: August 4, 2023                           Respectfully submitted,

**/s/ Melissa Clark**
Melissa Clark, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mh@higbee.law
*Counsel for Plaintiff*